IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HENRY ZABALA-ZORILLA** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 19-544 |
| | : | |
| **TAMMY FERGUSON,** *et al* | : | |

# MEMORANDUM

**KEARNEY, J.**                                                                                                       **February 8, 2022**

Our limited habeas review mandates deference to state jury criminal verdicts and defendant's counsel's strategies when the convicted person claims his counsel provided ineffective assistance during trial and in post-conviction petitions. We are not Pennsylvania trial or appellate judges; a petitioner who fails to argue claims before the state courts cannot generally raise the claim here for the first time. Claims raised for the first time in a habeas petition are procedurally defaulted. But we may still review procedurally defaulted habeas claims if the convicted petitioner can first show some merit to his new claim and actual prejudice caused by his trial and post-conviction lawyer's alleged ineffectiveness. We do not address issues in the state trial record not challenged by the convicted petitioner. Judge Reid properly reviewed the petitioner's twenty pro se and counseled grounds for habeas and recommends we deny the petition. We agree with Judge Reid the petitioner's arguments lack merit, are unexhausted in part, and are otherwise procedurally defaulted.

The trial judge delivered a supplemental jury instruction when the jury reported being hung on some counts in a rape and sexual assault case towards five women where the petitioner argued consent and collusion by the five women.[1] The trial judge alerted the jury to the additional costs and expense to the Commonwealth and their home County in a second trial. Trial and post-

conviction counsel did not object to any part of this brief supplemental instruction to a hung jury. The jury returned its verdict an hour after this supplemental instruction finding the petitioner guilty on all counts as to two women, not guilty on all counts as to two others, and hung on counts involving the fifth woman.

Mr. Zabala-Zorilla alleges ineffective assistance of trial counsel and post-conviction counsel and argues *Martinez v. Ryan* excuses his unexhausted and procedurally defaulted claims.[2] He asserts over twenty grounds for habeas relief either pro se or through his Federal Defender. His challenges include ineffective assistance of trial counsel for failing to object to the supplemental charge. His challenge to a supplemental instruction to a hung jury focuses entirely on the trial judge's references to the cost and expense burden in a second trial as violating federal law under *United States v. Burley*.[3] Judge Reid found, even if there is some merit to an ineffectiveness claim for not objecting to this language, there is no prejudice since the jury still returned with a split verdict.

We agree with Judge Reid's disposition of the challenge to the supplemental jury instruction, but we differ in our reasoning. We find counsel did not render ineffective assistance because this "additional costs and expenses" language is permitted under Pennsylvania Law with curative language. We are not evaluating a federal trial judge's instruction. Pennsylvania Law allows this arguably coercive language relating to cost and expense in a second trial based on other curative language.[4] Trial and post-conviction counsel's failure to object to this cost and burden language is not ineffective assistance under Pennsylvania law. We need not reach the actual prejudice analysis addressed by Judge Reid.

Following careful review of Mr. Zabala-Zorilla's objections to the Report and Recommendation, analysis of the entire record including the entirety of the supplemental

instruction, and applying the double deference afforded to trial and post-conviction counsel on our review of a procedurally defaulted habeas claim, we overrule his objections, and deny his petition for habeas relief.[5]

---

[1] Judge Reid details the facts and procedural background in his Report and Recommendation. *See* ECF Doc. No. 36, Report and Recommendation at 1–7. The jury heard four days of evidence. During a second day of jury deliberations, the jury asked: "If we cannot come to a verdict on some counts but have come to verdicts on other counts, does that mean we are hung on all counts?" ECF Doc. No. 32-1 at 605, Notes of Testimony ("N.T.") at 720–21.

The trial judge responded:

> The short answer to that is no. Now, I don't want to know what counts you have reached a verdict on and which you're still not in unanimous agreement. That's none of my business or counsel's. That's entirely up to you.
>
> **But I do want you to understand that if you are unable to come to a unanimous verdict as to all counts, that depending on which counts you've rendered a verdict on and which you haven't, the ones that you haven't could be subject to further proceedings or perhaps even another trial. Because if there's no verdict, that means that perhaps the case isn't over. And I don't need to tell you, you know, you sat through four days of testimony and argument and you know how difficult this is. You know that is an expensive proposition for the Commonwealth and the County of Berks because we're tying up a number of attorneys and court personnel and you also have to understand that for the alleged victims, I'm sure that this is a difficult proposition to come into court. And to have to come back and testify a second time before 12 more strangers, you know, it just continues to be a real strain for them.**
>
> **On the other hand, of course, Mr. Zabala, you know, has these charges hanging over his head and if they're unresolved and we have to have another trial or further proceedings on those, there is, you know, a man who has to live with this sort [*sic*] of Damocles hanging over his head, not knowing, you know, what his future is going to be. And so it's an extremely difficult time for everybody involved on both sides of the courtroom**. ECF Doc. No. 32-1 at 606, N.T. at 722–23 (emphasis added).

The trial judge then shifted his focus to the jurors' undisputed considerations largely consistent with approved Pennsylvania instructions:

3

> And I have sent out a lunch menu. I'm going to order lunch in for you again. I would like you to continue with your deliberations. If you are able to reach a verdict on some counts, hopefully additional deliberations will allow you to reach a verdict on all counts so that this case, you know, has some finality.
>
> If there's any instructions that I can review with you again -- I know I sent out the elements of each of the counts, but if there's any other portion of my charge that you would like to hear again, you let me know. I would be happy to repeat it. You know, the portions that you didn't get in writing. So I would ask you that you continue with your deliberations.
>
> Just a couple of things because you've indicated the difficulty that you're having on some of these counts, that you will keep in mind and that you do realize that any verdict you return must be a unanimous verdict, that you have a duty to consult with each other and deliberate with a view of reaching an agreement if it can be done without any violence to your individual judgment, and that each juror must decide the case for him or herself but only after there is and continues to be impartial consideration of the evidence with his or her fellow jurors, and that a juror should not hesitate to re-examine his or her own views and to change his or her opinion if he or she would think that it was erroneous and that no juror should surrender his or her honest conviction to the weight or the effect of the evidence solely because of the opinion of his or her fellow jurors or for the mere purpose of returning a verdict.
>
> So again, there's no definite timeline. I would ask you because of the length of the trial and the strain for everybody involved in this procedure, that you continue with good faith efforts to try to reach a verdict. We'll have lunch brought up as soon as I can get it over to you and if you have any questions, please don't hesitate to put those in writing and send them to me and I'll do whatever I can to help assist you in reaching a verdict. ECF Doc. No. 32-1 at 606, N.T. at 723–25 (emphasis added).

But the trial judge then concluded his supplemental instruction by returning to the burdens of a second trial:

> And again, you know, if you can't reach a verdict, it just means that 12 of your fellow citizens are going to be exactly in the same position that you are in the coming months and everybody does not have any finality on -- again it's on both sides. And this is a difficult proposition for everybody.
>
> Okay. All right. Good luck. And as I said, if there's anything further I can do to assist, please don't hesitate to let me know. ECF Doc. No. 32-1 at 606, N.T. at 725 (emphasis added).

Mr. Zabala-Zorilla's trial counsel did not object to this supplemental instruction.

---

[2] 566 U.S. 1 (2012). Under *Martinez*, the procedural default of an ineffective assistance of counsel claim may be excused for "cause" where a petitioner can show: "1) his procedurally defaulted ineffective assistance of trial counsel claim has 'some merit'; and that 2) his state-post conviction counsel was 'ineffective under the standards of *Strickland v. Washington*.'" *Workman v. Superintendent Albion SCI*, 915 F.3d 928, 937 (3d Cir. 2019) (quoting *Martinez*, 566 U.S. 1, 14 (2012)). For a claim to be "substantial" it must have "some merit" akin to the standard for issuing a certificate of appealability. *Id.* at 937–38. "To demonstrate that his claim has some merit, a petitioner must 'show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Id.* at 938 (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)). The "some merit" standard is less stringent than the "exacting standards" of *Strickland v. Washington*, 466 U.S. 668 (1984). *Id.* If we find *Martinez* excuses the procedural default, we may "consider the merits of a claim that otherwise would have been procedurally defaulted." *Id.* at 939 (quoting *Martinez*, 566 U.S. at 17). Claims of ineffective assistance of counsel under the second prong of *Martinez* are evaluated under the two-prong test of *Strickland v. Washington*. "To succeed on such a claim, the petitioner must demonstrate (1) that counsel's performance was deficient, in that it fell below an objective standard of reasonableness, and (2) that the petitioner suffered prejudice as a result of the deficiency." *Blystone v. Horn*, 664 F.3d 397, 418 (3d Cir. 2011) (citing *Strickland*, 466 U.S. at 687).

[3] We cannot excuse the procedural default of Mr. Zabala-Zorilla's argument under *Martinez* because his "additional costs and expenses" argument lacks merit, as *United States v. Burley*, 460 F.2d 998 (3d Cir. 1972), does not apply to state-court trial instructions. In *Burley*, our Court of Appeals held a federal district judge commits reversible error to give a supplemental charge—or an "*Allen* charge"—to a jury instructing it to consider the expense to the government of a new trial. *Id.* at 999. But the decision in *Burley* does not govern Pennsylvania courts and does not apply to our review of a lawyer's assistance in a Pennsylvania trial. The *Burley* decision arose under our Court of Appeals's "supervisory power over the district courts to develop rules governing the content of jury instructions." *United States v. E. Med. Billing, Inc.*, 230 F.3d 600, 607 (3d Cir. 2000). Our Court of Appeals uses this power "as a response to 'the inherent potential of the charge to coerce' as well as 'the inscrutable problem of determining in each case whether such coercion actually existed.'" *Id.* at 608 (quoting *Gov't of the Virgin Islands v. Hernandez*, 476 F.2d 791, 792 (3d Cir. 1973)). While the supplemental charge given by the trial court may violate *Burley* if this case involved a federal trial, it does not violate Pennsylvania law. No Pennsylvania court has cited *Burley*.

Under Pennsylvania law, a trial court's supplemental instruction to a deadlocked jury is dictated by the Pennsylvania Supreme Court's decision in *Commonwealth v. Spencer*. 275 A.2d 299 (Pa. 1971). In *Spencer*, the Pennsylvania Supreme Court held Pennsylvania courts should not give an *Allen* charge including the instructions: "(1) a minority juror should yield to the majority; and (2) those with no reasonable doubt, i.e., the majority, need not re-examine their position despite the existence of a reasonable doubt in the mind of a minority juror." *Id.* at 303–04. The Pennsylvania Supreme Court recommended the standard instruction promulgated by the American Bar Association be used to replace the *Allen* charge. *Id.* at 304-05; *see also Commonwealth v. Greer*, 951 A.2d 346, 356-57 (Pa. 2008) (analyzing *Spencer* and its approval of the American Bar Association instruction governing deadlocked juries). The question under Pennsylvania law "is

5

whether the supplemental charge . . . comported with *Spencer* or was unlawfully coercive." *Greer*, 951 A.2d at 360.

The trial court's charge comported with *Spencer* because it substantially conforms, in part, to the American Bar Association standard instruction. It includes instructions a verdict must be unanimous, there is a duty to consult with each other and deliberate with a view of reaching an agreement if it can be done without violence to an individual's judgment, each juror must decide the case for him/herself but only after there is and continues to be impartial consideration of the evidence with his/her fellow jurors, a juror should not hesitate to re-examine his/her own views and change his/her opinion if he/she would think it erroneous, no juror should surrender his/her honest conviction to the weight or effect of the evidence solely because of the opinion of his/her fellow jurors "or for the mere purpose of returning a verdict" and "there's no definite timeline." Under Pennsylvania law, this is not coercive and thus not erroneous.

[4] The trial judge's reference to the expense of a second trial is not error under Pennsylvania law. An instruction referring "briefly to the inconvenience of a retrial which would be necessitated by failure to obtain a verdict" is not reversible error in Pennsylvania. *Commonwealth v. Gartner*, 381 A.2d 114, 123 (Pa. 1977). And references to expenses to the Commonwealth similarly do not constitute reversible error. *See Commonwealth v. Baker*, No. 3107 EDA 2019, 2020 WL 3971174, at *4 n.2 (Pa. Super. Ct. July 14, 2020) (charge including, "You, ladies and gentlemen, must well appreciate the time, anxiety and expense involved in a re-trial of this matter" is not erroneous); *Commonwealth v. Okorafor*, No. 2644 EDA 2016, 2018 WL 4041652, at *9 n.3 (Pa. Super. Ct. Aug. 24, 2018) (charge including "Getting a verdict in this case is a matter of extreme importance to the [c]ourt, the Commonwealth, and [Appellant]. And of course it would be considerable time, expense, and anxiety for everyone concerned should I need to declare a mistrial and start this trial all over again from day one. And this is what will happen if you do not return a verdict" is not erroneous); *Commonwealth v. Drummond*, No. 2932 EDA 2014, 2015 WL 6114510, at *3 (Pa. Super. Ct. July 31, 2015) (charge including "And I'm sure you all understand that there would be a great deal of time, expense, and anxiety for everybody involved in this process should you not reach a verdict, which would require me to declare a mistrial and start this entire trial over from day one, okay" is not erroneous); *Commonwealth v. P.L.S.*, 894 A.2d 120, 123-24, 127 (Pa. Super. Ct. 2006) (charge including "I appreciate all of you being here to this late hour of the night, but because the matter is of such importance and because we have spent a substantial amount of your time as well as the time of both the attorneys and witnesses I'm going to give you some further instructions and ask you to reconsider this in the jury room. Obviously, it's not only important to the Commonwealth and the defendant, but the county and for yourselves. If the matter were to go to hung jury this matter could be retired or would face other disposition that the county and possibly other jurors would have to be in your same place hearing the same evidence, the families, witnesses would have to travel back to the courtroom and possibly go through this exercise again" is not unduly coercive). Mr. Zabala-Zorilla's challenge to the supplemental instruction is time-barred and procedurally defaulted as he fails the first prong of *Martinez*.

[5] We do not opine on the propriety of the trial judge also instructing the jurors "have to understand" the "real strain" on "alleged victims" in the same supplemental instruction. Mr. Zabala-Zorilla and his counsel never challenged this language in the supplemental instruction at trial, appeal,

6

---

post-conviction, habeas petition, or supplemental and amended habeas petition. Our silence on this issue should not be interpreted as a tacit approval of this language.