### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HENRY ZABALA-ZORILLA** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 19-544** |
| | : | |
| **TAMMY FERGUSON**, *et al* | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                    **March 31, 2023**

An incarcerated person convicted of several crimes in Berks County ten years ago fully exhausted his post-conviction and appellate rights in state court and his habeas rights before us over the last decade. He raised a great variety of arguments in each court. No court agreed with him. He now asks us to vacate our February 9, 2022 denial of his habeas petition (as affirmed by our Court of Appeals in August 2022), arguing we erred as a matter of law when considering his ineffective assistance of counsel claim for failing to call his son as a trial witness. The incarcerated person argues recent case law allows him to raise these new arguments under Federal Rules of Civil Procedure 60(b)(1) or 60(b)(6). He cannot do so. His motion under Rule 60(b)(1) is untimely. And even if he brought a timely motion, his effort represents an unauthorized successive habeas because we analyzed his fulsome habeas petition on the merits following Judge Reid's extensive Report and Recommendation. The incarcerated person cannot establish a basis to vacate our habeas denial as later affirmed by the Court of Appeals. We deny his petition.

### I.    Background

The Commonwealth charged Henry Zabala-Zorilla in three separate cases with multiple sex offenses and related crimes against five female victims.[1] The Commonwealth charged Mr.

Zabala-Zorilla took each victim separately back to his residence at different times in 2010 and 2011 where he held his victims against their will and raped or sexually violated them.[2]

### *A jury convicts Mr. Zabala-Zorilla for crimes against two victims.*

A jury trial on all three cases began on March 19, 2013 in the Court of Common Pleas for Berks County.[3] One of the victims, Megan Collins, who Mr. Zabala-Zorilla held against her will for approximately fifteen hours, testified at trial "she screamed for help during her ordeal."[4]

The jury acquitted Mr. Zabala-Zorilla of charged conduct involving two of the alleged victims and could not reach a verdict as to a third alleged victim on March 25, 2013.[5] But the jury convicted Mr. Zabala-Zorilla for committing crimes against two of the victims, Ms. Collins and Christina Donia, including: two counts of rape, two counts of involuntary deviate sexual intercourse, two counts of kidnapping, two counts of terroristic threats, two counts of possessing instruments of crime, one count of robbery, one count of aggravated assault, and one count of recklessly endangering another person.[6]

The trial judge sentenced Mr. Zabala-Zorilla on May 3, 2013 to an aggregate term of eighty-four and a half years to one-hundred and sixty-nine years incarceration – applying the maximum sentence for all convictions and running them consecutively to one another.[7]

### *Mr. Zabala-Zorilla appeals and seeks post-conviction relief.*

Mr. Zabala-Zorilla appealed his conviction to the Pennsylvania Superior Court arguing: (1) the trial judge erred in denying his motion to grant a mistrial after a sheriff's deputy referenced a protection from abuse order which the trial judge previously ruled as inadmissible; and (2) the trial judge imposed an excessive sentence unsupported by the evidence.[8] The Superior Court denied Mr. Zabala-Zorilla's appeal and affirmed his sentence on March 25, 2014.[9] The Pennsylvania Supreme Court denied an allowance of appeal on October 15, 2014.[10]

Mr. Zabala-Zorilla timely petitioned for post-conviction relief under Pennsylvania's Post-Conviction Relief Act on October 8, 2015 arguing, among other things, trial counsel rendered ineffective assistance of counsel when she failed to call as witnesses his son and an elderly couple who boarded with him who were present at Mr. Zabala-Zorilla's residence when the alleged sexual assault of Ms. Collins occurred.[11] The post-conviction court dismissed Mr. Zabala-Zorilla's petition on May 17, 2016 without a hearing.[12]

Mr. Zabala-Zorilla appealed to the Pennsylvania Superior Court on May 23, 2016.[13] Mr. Zabala-Zorilla argued the post-conviction court erred in denying post-conviction relief without an evidentiary hearing when two witnesses were available and known to trial counsel but were not called to testify despite the two witnesses being present at the residence where the alleged sexual assault of Ms. Collins occurred.[14] Mr. Zabala-Zorilla argued Ms. Collins testified at trial she screamed for help during her "ordeal" involving Mr. Zabala-Zorilla, and regardless of whether her screams were muffled, his housemate Leonor Rojas or his son, Henry Zabala-Zorilla, Jr., both of whom were in the house would have heard her.[15] He argued his counsel knew of these witnesses, and rendered ineffective assistance of counsel when she failed to call them on his behalf.[16]

The Pennsylvania Superior Court held defense counsel could not be deemed ineffective for failing to present Henry Zabala-Zorilla, Jr.'s testimony because the record demonstrated his unavailability at trial—"[t]rial counsel told the court that the family did not produce him, she could not locate him, and the Commonwealth was unable to find him, despite efforts by the District Attorney's office, who wanted to call him as a witness for the prosecution."[17] The Superior Court also considered how the certificate Mr. Zabala-Zorilla attached to his post-conviction request for an evidentiary hearing "does not say [Mr. Zabala-Zorilla, Jr.] was prepared and willing to testify at trial on [Mr. Zabala-Zorilla's] behalf."[18] The Superior Court held trial counsel also appropriately

assessed Ms. Rojas's testimony and found it would not have contributed to the defense.[19] The Superior Court explained "any testimony from a third party concerning the fact of the victim's presence in the house had little or no evidentiary value for the defense because it would confirm only that the victim was there with [Mr. Zabala-Zorilla]."[20] The Supreme Court noted "we cannot say with confidence that the verdict would have been different with the testimony of these proposed witnesses."[21]

The Superior Court affirmed the post-conviction court's denial of Mr. Zabala-Zorilla's petition on June 1, 2018.[22] The Pennsylvania Supreme Court denied Mr. Zabala-Zorilla's petition for allowance of appeal.[23]

Mr. Zabala-Zorilla *pro se* petitioned for relief on January 8, 2019 under Pennsylvania's Post-Conviction Relief Act for a second time arguing: (1) the Commonwealth failed to turn over certain evidence; and (2) he should not be required to register as an offender under the Sex Offender Registration and Notification Act.[24] The post-conviction court dismissed the petition as untimely on March 3, 2020.[25] Mr. Zabala-Zorilla appealed and the Pennsylvania Superior Court affirmed the post-conviction court on October 22, 2020.[26]

### Mr. Zabala-Zorilla seeks federal habeas relief.

Mr. Zabala-Zorilla *pro se* petitioned for habeas relief on February 6, 2019, before the state court resolved his second post-conviction petition.[27] We stayed this matter on March 20, 2019 until December 16, 2020 pending the resolution of his second post-conviction petition.[28] Mr. Zabala-Zorilla then filed a counseled memorandum of law on April 1, 2021 adding to the claims originally raised in his *pro se* petition.[29] He raised fifteen claims for ineffective assistance of trial counsel, among other claims, which included trial counsel's failure to call Ms. Rojas and Mr. Zabala-Zorilla, Jr. as witnesses.[30]

We referred Mr. Zabala-Zorilla's Petition to the Honorable Scott W. Reid for a Report and Recommendation.[31]

***We adopted Judge Reid's recommendation we deny and dismiss the habeas petition.***

Judge Reid issued a detailed Report recommending we deny and dismiss Ms. Zabala-Zorilla's Petition.[32] Judge Reid found Mr. Zabala-Zorilla's claim arguing his trial counsel rendered ineffective assistance of counsel by failing to call Ms. Rojas and Mr. Zabala-Zorilla, Jr. properly exhausted and considered it on the merits.[33]

Judge Reid found no basis to disturb the Pennsylvania Superior Court's finding trial counsel did not render ineffective assistance given trial counsel tried, but could not locate Mr. Zabala-Zorilla, Jr. at the time of trial and Ms. Rojas's testimony could not be considered "genuinely exculpatory."[34] Judge Reid found the Pennsylvania Superior Court's conclusion supported by the record given trial counsel told the trial judge she tried to secure Mr. Zabala-Zorilla, Jr.'s whereabouts but he could not be located, and she explained to the judge she did not believe Ms. Rojas's testimony had any probative value.[35] And Judge Reid acknowledged the evidence showed Mr. Zabala-Zorilla, Jr. did not make himself available to testify at trial considering he never appeared despite efforts to locate him and the certificate Mr. Zabala-Zorilla attached to his post-conviction request for an evidentiary hearing did not state Mr. Zabala-Zorilla, Jr. had been prepared or willing to testify at trial on Mr. Zabala-Zorilla's behalf.[36] So Judge Reid found no basis to disturb the Superior Court's holding trial counsel did not render ineffective assistance of counsel under our Supreme Court's precedent in *Strickland v. Washington* by failing to call Mr. Zabala-Zorilla, Jr. or Ms. Rojas as witnesses.[37]

Mr. Zabala-Zorilla objected to Judge Reid's Report and Recommendation on October 4, 2021.[38] We carefully considered Mr. Zabala-Zorilla's Petition, Judge Reid's exhaustive Report

recommending we deny the Petition, Mr. Zabala-Zorilla's *pro se* Objections to Judge Reid's Report and Recommendation, and all documents in the record, and found no basis for an evidentiary hearing or merit to his *pro se* and counseled arguments for relief, adopted the Report, and denied a certificate of appealability.[39]

Mr. Zabala-Zorilla appealed our denial of his certificate of appealability on February 18, 2022, which our Court of Appeals denied on August 4, 2022.[40] Mr. Zabala-Zorilla petitioned for a rehearing *en banc*, which our Court of Appeals denied on November 1, 2022.[41]

## II.    Analysis

Mr. Zabala-Zorilla now moves for extraordinary relief under Federal Rule of Civil Procedure 60(b)(1) and, alternatively Rule 60(b)(6).[42] He asks us to vacate our denial of his habeas Petition based on our alleged error of law when analyzing his ineffective assistance of counsel claim regarding the failure to call his son Henry Zabala-Zorilla, Jr. as a trial witness.[43] Mr. Zabala-Zorilla argues our Court of Appeals' recent decision in *Williams v. Superintendent Mahanoy SCI* altered the law on ineffective assistance of counsel claims for failing to call a witness and made clear we must not consider a witness's willingness to testify.[44] So Mr. Zabala-Zorilla contends our adoption of Judge Reid's Report and Recommendation amounted to an error of law because Judge Reid found the Pennsylvania Superior Court did not err in finding trial counsel not ineffective for failing to call Henry Zabala-Zorilla, Jr. where the Superior Court considered, among other facts, Mr. Zabala-Zorilla's willingness to testify.[45]

The Commonwealth responds arguing Mr. Zabala-Zorilla's motion is untimely under Rule 60(b)(1).[46] And the Commonwealth contends *Williams* is distinguishable because the state court's resolution of Mr. Zabala-Zorilla's ineffective assistance of counsel claim did not solely turn on Mr. Zabala-Zorilla, Jr.'s unwillingness to testify, but also considered how he "was literally unavailable as a witness at trial."[47]

6

Federal Rule of Civil Procedure 60(b)(1) allows us to relieve Mr. Zabala-Zorilla from our judgment denying his habeas petition based on "mistake, inadvertence, surprise, or excusable neglect."[48] Rules 60(b)(2) through (b)(5) supply other grounds for reopening a judgment – such as newly discovered evidence or fraud – while Rule 60(b)(6) provides a catchall provision for "any other reason that justifies relief."[49] Relief from a judgment under Rule 60(b)(6) for "any other reason" "is available only when Rules 60(b)(1) through (b)(5) are inapplicable."[50] Rule 60(b) motions seeking relief due to mistake, newly discovered evidence, or fraud must be brought "no more than a year after the entry of the judgment or order or the date of the proceeding."[51]

### a. Mr. Zabala-Zorilla's Rule 60(b)(1) motion is untimely.

Mr. Zabala-Zorilla must file a Rule 60(b)(1) motion "no more than a year after the entry of the judgment or order or the date of the proceeding."[52] Rule 60(c) does not discuss the effect of the filing of an appeal. But the most cited case on the issue of timeliness of Rule 60(b) motions from our Court of Appeals, *Moolenaar v. Government of Virgin Islands*, recognizes "[m]otions under Rule 60(b)(1)–(3) must be brought within one year of entry of a final judgment. An appeal does not toll this time period."[53]

We denied Mr. Zabala-Zorilla's habeas relief on February 8, 2022.[54] Mr. Zabala-Zorilla appealed our denial of his certificate of appealability on February 18, 2022, which our Court of Appeals denied on August 4, 2022.[55] Mr. Zabala-Zorilla petitioned for a rehearing *en banc*, which our Court of Appeals denied on November 1, 2022.[56] But Mr. Zabala-Zorilla's appeal did not toll the time period he had to move for relief under Rule 60(b)(1).[57] Mr. Zabala-Zorilla had one year from our February 8, 2022 denial of his habeas petition – until February 8, 2023 – to move for relief under Rule 60(b)(1). But Mr. Zabala-Zorilla moved for Rule 60(b)(1) relief on March 9, 2023 (although the docket clerk docketed the motion on March 15, 2023).[58] So even if Mr. Zabala-

Zorilla identified a legal error which warranted our consideration under Rule 60(b)(1), he failed to bring it within the one-year timeframe.[59] His requested relief is time barred.

### b. Mr. Zabala-Zorilla's Rule 60(b)(1) motion is a second or successive habeas petition.

Even if we found Mr. Zabala-Zorilla's motion timely, it still fails as an improper successive habeas petition. Congress, through Antiterrorism and Effective Death Penalty Act of 1996, mandates before a state prisoner may file a second or successive habeas petition in which he challenges a judgment of sentence previously challenged in a federal habeas action, he must first obtain an order from the appropriate court of appeals authorizing the district court to consider the application.[60] So we must first determine whether we have jurisdiction over Mr. Zabala-Zorilla's Rule 60(b) motion or if it is an unauthorized second or successive habeas petition before reaching its merits.

When "the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits."[61] But a Rule 60(b) motion which "seeks to collaterally attack the petitioner's underlying conviction, add a new ground for relief, or challenge the federal court's previous resolution of a claim on the merits is deemed a second or successive petition for writ of habeas corpus," and Mr. Zabala-Zorilla must first obtain approval from our Court of Appeals before we may consider the merits.[62] "[I]f [Mr. Zabala-Zorilla] attacks the federal court's previous resolution of a claim on the merits" he is bringing an unauthorized second or successive habeas petition because "alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief."[63] A motion is a "true" Rule 60(b) motion if it challenges a procedural ruling made by the district court which precluded a merits determination of the habeas petition, or

8

"challenges a defect in the integrity of the federal habeas proceedings," such as an assertion the opposing party committed fraud upon the court.[64]

Mr. Zabala-Zorilla relies on the Supreme Court's recent decision in *Kemp v. United States* and our Court of Appeals' decision in *Williams v. Superintendent Mahanoy SCI* to argue his Rule 60(b) motion is not a successive habeas petition.[65] We disagree.

In *Williams*, Mr. Williams petitioned for habeas relief from his murder conviction arguing his trial counsel rendered ineffective assistance of counsel because he failed to call a witness who had heard the gunshots leading to the murder which would prove the victim, not Mr. Williams, fired the first shots.[66] Judge Mannion relied on a five-factor test derived from the Pennsylvania Supreme Court in *Commonwealth v. Clark* when evaluating the claim, which required Mr. Williams show: "(1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial."[67] Judge Mannion found Mr. Williams's ineffective assistance of counsel claim lacked merit because he provided no evidence the witness would have been available or willing to testify at Mr. Williams's trial.[68]

Our Court of Appeals in *Williams* considered Judge Mannion's reasoning but rejected his reliance on the fourth requirement – whether "the witness was willing to testify for the defense" – of the five-factor test. [69] Our Court of Appeals emphasized "[a]bsent extenuating circumstances, such as the existence of a privilege or the witness's incapacity or death, whether a witness is ready and willing to testify is irrelevant since defense counsel can compel testimony through a trial subpoena."[70] Our Court of Appeals "presume[d], sensibly, that witnesses prefer to cooperate and tell the truth than risk going to jail."[71] Our Court of Appeals still affirmed Judge Mannion's denial

of Mr. Williams's habeas petition because Mr. Williams failed to show ineffective assistance of counsel under *Strickland v. Washington*.[72]

Mr. Zabala-Zorilla argues *Kemp v. United States* allows him to challenge the denial of his habeas petition based on a mistake of law in light of *Williams*.[73] The Supreme Court made clear in *Kemp v. United States*, "[a] judge's errors of law are . . . 'mistake[s]' under Rule 60(b)(1)."[74] And "Rule 60(b)(1) covers all mistakes of law made by a judge[.]"[75] But as explained by the Supreme Court in *Gonzalez v. Crosby* almost twenty years earlier, Rule 60(b) is an appropriate vehicle for an argument which "attacks; ***not the substance*** of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings."[76]

The Supreme Court's direction in *Kemp* is consistent with its direction in *Gonzalez*.[77] In *Kemp*, Judge Lenard denied Mr. Kemp's habeas petition challenging his convictions for drug and gun crimes as untimely.[78] Mr. Kemp filed a Rule 60(b)(6) motion for reconsideration almost two years later arguing Judge Lenard made an error of law in finding the habeas petition untimely.[79] Judge Lenard found Mr. Kemp's Rule 60(b) motion also untimely because any complaint of legal error is a type of "mistake" under Rule 60(b)(1) and therefore subject to the one-year bar in Rule 60(c).[80] The Supreme Court affirmed holding Mr. Kemp's motion cognizable under Rule 60(b)(1) but untimely because he brought it after the one-year limitations period.[81]

Unlike in *Kemp*, where Mr. Kemp's Rule 60(b) motion challenged the denial of his habeas petition on timeliness ground and not the merits, Mr. Zabala-Zorilla's Rule 60(b)(1) motion directly challenges "the substance of the federal court's resolution of a claim on the merits."[82] He asks us to reconsider the merits of his ineffective assistance of counsel claim considering *Williams*. Although Mr. Zabala-Zorilla argues he is not challenging the merits of our decision, but "some defect in the integrity of the federal proceedings[,]" he is directly challenging a claim we decided

on the merits. Because Mr. Zabala-Zorilla's Rule 60(b) motion challenges our merits-based decision on his ineffective assistance of counsel claim, it is a successive petition for which he first needs to get approval from our Court of Appeals.

We dismiss Mr. Zabala-Zorilla's Rule 60(b) motion as an unauthorized successive petition to the extent he relies on Rule 60(b)(1) challenging our merits-based decision.

### c.  We dismiss Mr. Zabala-Zorilla's motion under Rule 60(b)(6).

Mr. Zabala-Zorilla also appears to argue in the alternative another potential basis for relief under Rule 60(b)(6) based on the intervening change in law announced in *Williams v. Superintendent Mahanoy SCI*.[83] We deny this alternative request.

We narrowly interpret Rule 60(b)(6) as applying only in "extraordinary circumstances where, without such relief, an extreme or unexpected hardship would occur."[84] Such extraordinary circumstances "will rarely occur in the habeas context."[85] Extraordinary circumstances have included "expert testimony linking [a defendant's] race to violence" implying a defendant "may have been sentenced to death in part because of his race," or a ***material*** intervening change in controlling law.[86] But our Court of Appeals "ha[s] consistently articulated . . . intervening changes in the law *rarely* justify relief from final judgments" under Rule 60.[87] And Rule 60(b)(6) relief "is available only when Rules 60(b)(1) through (b)(5) are inapplicable."[88] Unlike motions brought under Rule 60(b)(1), motions brought Rule 60(b)(6) do not have the one year time limitation but "must be made within a reasonable time."[89] But Mr. Zabala-Zorilla "may not invoke Rule 60(b)(6) to circumvent the time limitation in Rule 60(b)(1)."[90]

Since relief under Rule 60(b)(1) due to a mistake of law is available to Mr. Zabala-Zorilla, he cannot seek relief for the same mistake of law under Rule 60(b)(6) to avoid the one-year time limitation.

Mr. Zabala-Zorilla also cannot succeed to the extent he is seeking relief under Rule 60(b)(6) because he contends *Williams* is an intervening change of law which constitutes an "extraordinary circumstance" under Rule 60(b)(6). Mr. Zabala-Zorilla's Rule 60(b) motion challenges our merits-based decision as explained above. So even when viewed as a change of law under Rule 60(b)(6) instead of mistake of law under Rule 60(b)(1), Mr. Zabala-Zorilla continues to "reassert claims of error in the state conviction" which we decided on the merits. We must treat and deny his attempt as an unauthorized successive habeas petition.[91]

## III.    Conclusion

Mr. Zabala-Zorilla is attempting to relitigate the merits of his ineffectiveness claim regarding the failure of trial counsel to call his son as a witness. We considered this claim on the merits. They are not new claims. Mr. Zabala-Zorilla is merely reiterating his earlier claims. We deny Mr. Zabala-Zorilla's motion for Rule 60(b) relief as untimely and an impermissible second or successive habeas petition.

---

[1] *Com. v. Zabala-Zorilla*, No. 841-2016, 2018 WL 2452751, at *1 (Pa. Super. Ct. June 1, 2018); *Com. v. Zabala-Zorilla*, 241 A.3d 452, 2020 WL 619440, at *1 (Pa. Super. Ct. 2020).

[2] *Zabala-Zorilla*, 2018 WL 2452751, at *1; *Com. v. Zabala-Zorilla*, 2020 WL 619440, at *1.

[3] *Zabala-Zorilla*, 2020 WL 619440, at *1.

[4] *Id.* (citations omitted).

[5] *Com. v. Zabala-Zorilla*, No. 1014-2013, 2014 WL 10978698, at *4 (Pa. Super. Ct. Mar. 25, 2014).

[6] *Id.* at *1.

[7] *Id.*

[8] *Id.* at *2.

[9] *Id.* at *6.

[10] *Com. v. Zabala-Zorilla*, 110 A.3d 997 (Pa. 2014).

[11] *Zabala-Zorilla*, 2018 WL 2452751, at *1.

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.* at *3. As recognized by Judge Reid in his Report and Recommendation, Leonor Rojas is also known as Leonor Rojas-Luna. Post-conviction counsel misunderstood her name as "Leonor Rogaluna", which led the post-conviction court to do the same. We refer to her actual name. ECF Doc. No. 36 at 13 n.3.

[16] *Zabala-Zorilla*, 2018 WL 2452751, at *3.

[17] *Id.* at *6.

[18] *Id.*

[19] *Id.*

[20] *Id.* at *7.

[21] *Id.*

[22] *Id.*

[23] *Com. v. Zabala-Zorilla*, 199 A.3d 338 (Pa. 2018).

[24] *Zabala-Zorilla*, 2020 WL 619440, at *1.

[25] *Id.* at *2.

[26] *Id.* at *6.

[27] ECF Doc. No. 1.

[28] ECF Doc. Nos. 10, 22.

[29] ECF Doc. No. 32.

[30] ECF Doc. No. 1 at 70–75.

[31] ECF Doc. No. 34.

[32] ECF Doc. No. 36.

13

[33] *Id.* at 13.

[34] *Id.* at 14.

[35] *Id.* at 14–15.

[36] *Id.* at 17.

[37] *Id.* at 19. "Under *Strickland*, a defendant who claims ineffective assistance of counsel must prove (1) 'that counsel's representation fell below an objective standard of reasonableness,' and (2) that any such deficiency was 'prejudicial to the defense.'" *Garza v. Idaho*, 139 S. Ct. 738, 744 (2019) (citations omitted) (quoting *Strickland v. Washington,* 466 U.S. 668, 687–88). "Judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689.

[38] ECF Doc. No. 45.

[39] ECF Doc. Nos. 47, 48. In our Memorandum, we agreed with Judge Reid's disposition of Mr. Zabala-Zorilla's challenge to the supplemental jury instructions but differed in our reasoning. ECF Doc. No. 47. But Mr. Zabala-Zorilla's challenge to the supplemental jury instruction is not at issue in his instant Rule 60(b) motion.

[40] ECF Doc. Nos. 56, 64.

[41] *Zabala-Zorilla v. Superintendent Phoenix SCI*, No. 22-1300 (ECF Doc. No. 20).

[42] ECF Doc. No. 70.

[43] *Id.* at 11, 16 (citing *Williams v. Superintendent Mahanoy SCI*, 45 F.4th 713, 720 (3d Cir. 2022)).

[44] *Id.* (citing *Williams*, 45 F.4th at 720)

[45] *Id.* at 14.

[46] ECF Doc. No. 71 at 6.

[47] *Id.* at 8–9.

[48] *Kemp v. United States*, 142 S. Ct. 1856, 1861 (2022).

[49] *Id.*

[50] *Law Offices of Bruce J. Chasan, LLC v. Pierce Bainbridge Beck Price & Hecht*, LLP, No. 21-2804, 2022 WL 17424299, at *2 (3d Cir. Dec. 6, 2022) (citing *Kemp*, 142 S. Ct. at 1861).

[51] *Id.*; Fed. R. Civ. P. 60(c)(1).

[52] Fed. R. Civ. P. 60(c)(1).

[53] *Droz v. Tennis*, No. 08-2441, 2009 WL 80290, at *1 (E.D. Pa. Jan. 8, 2009) (quoting *Moolenaar*

*v. Government of Virgin Islands*, 822 F.2d 1342, 1346 n.5 (3d Cir.1987)); *see also Lee v. Kerestes*, No. 13-02353, 2021 WL 5629261, at *3 (M.D. Pa. Nov. 8, 2021), *report and recommendation adopted*, No. 13-02353, 2021 WL 5579867 (M.D. Pa. Nov. 30, 2021) ("[E]quitable tolling does not apply to the time period within which an appeal must be filed.").

[54] ECF Doc. No. 47.

[55] ECF Doc. Nos. 56, 64.

[56] *Zabala-Zorilla v. Superintendent Phoenix SCI*, No. 22-1300 (ECF Doc. No. 20).

[57] *Droz*, 2009 WL 80290, at *1 (quoting *Moolenaar*, 822 F.2d at 1346 n.5).

[58] ECF Doc. No. 70.

[59] Fed. R. Civ. P. 60(c)(1).

[60] 28 U.S.C. § 2244(b).

[61] *Bell v. Larkins*, No. 99-1985, 2019 WL 11731049, at *2 (E.D. Pa. Jan. 3, 2019) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005); *Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004)).

[62] *Id.* (citing *Gonzalez*, 545 U.S. at 532; *Pridgen*, 380 F.3d at 727).

[63] *Gonzalez*, 545 U.S. at 532 (footnote omitted).

[64] *Id.* at 532 n.5 (footnote omitted).

[65] ECF Doc. No. 70 at 10–11, 18–19.

[66] *Williams*, 45 F.4th at 717.

[67] *Com. v. Clark*, 961 A.2d 80, 90 (Pa. 2008).

[68] *Williams*, 45 F.4th at 719.

[69] *Id.* at 720.

[70] *Id.*

[71] *Id.* at 721.

[72] *Id.* at 724.

[73] ECF Doc. No. 70 at 10–11.

[74] *Kemp*, 142 S. Ct. at 1860.

[75] *Id.* at 1862.

[76] *Figueroa v. Walsh*, No. 1160, 2022 WL 17824061, at *2 (E.D.N.Y. Dec. 20, 2022) (quoting *Gonzalez*, 545 U.S. at 530) (emphasis).

[77] *Id.*

[78] *Kemp*, 142 S. Ct. at 1860.

[79] *Id.* at 1861.

[80] *Id.*

[81] *Id.* at 1865.

[82] *Gonzalez*, 545 U.S. at 530.

[83] ECF Doc. No. 70 at 20–21.

[84] *Woods v. Mazurkiewicz*, No. 92-4917, 2022 WL 2316173, at *2 (E.D. Pa. June 28, 2022) (quoting *United States v. Doe*, 810 F.3d 132, 152 (3d Cir. 2015) (quoting *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014)).

[85] *Gonzalez*, 545 U.S. at 535.

[86] *Hogan v. Gillis*, No. 04-957, 2022 WL 4283540, at *1 (E.D. Pa. Sept. 16, 2022) (citing *Buck v. Davis*, 137 S. Ct. 759, 772, 778 (2017); *Gonzalez*, 545 U.S. at 531); *White v. Vaughn*, No. 94-6598, 2022 WL 17993129, at *2 (E.D. Pa. Dec. 29, 2022) ("One potential basis for relief under Rule 60(b)(6) is an intervening change in law that is material to the basis on which we denied habeas relief.").

[87] *Cox*, 757 F.3d at 121 (emphasis in original). "Where the intervening change of law is material, we must then engage in a flexible and multifactor analysis, outlined by our Court of Appeals in *Cox v. Horn*, to determine if the change in law, combined with other facts and circumstances, supports a conclusion there are extraordinary circumstances which warrant Rule 60(b)(6) relief." *White v. Vaughn*, No. 94-6598, 2022 WL 17993129, at *2 (E.D. Pa. Dec. 29, 2022) (internal citations omitted). The *Cox* factors include: "(1) the effect of the change in decisional law on our prior ruling, which carries "particular weight where . . . that change concerns a 'constitutional rule or right for criminal defendants,'" (2) the merits of the petitioner's underlying claim for habeas relief, (3) principles of finality and comity, (4) the petitioner's diligence in pursuing review, and (5) the imperative of correcting a fundamentally unjust incarceration." *Id.* at *4 (internal citations omitted).

[88] *Kemp*, 142 S. Ct. at 1861 (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n.11 (1988)).

[89] Fed. R. Civ. P. 60(c)(1).

[90] *Law Offices of Bruce J. Chasan*, LLC, 2022 WL 17424299, at *2 (citing *Stradley v. Cortez*, 518 F.2d 488, 493 (3d Cir. 1975)).

[91] *Hogan*, 2022 WL 4283540, at *2.